IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-02749-MSK

R. KIRK MCDONALD,

       Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,
CITIBANK, N.A., and
CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATE 2002-4,

       Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER**

_____

**THIS MATTER** comes before the Court pursuant to Mr. McDonald's Emergency Motion for Temporary Restraining Order **(# 4)**. Also pending is Mr. McDonald's Motion for Leave to Proceed *In Forma Pauperis* **(# 3)**[1].

Mr. McDonald commenced this action *pro se*[2] on October 16, 2012. His Complaint **(# 1)** is somewhat jumbled and occasionally difficult to parse, but it appears that Mr. McDonald is the borrower on a mortgage loan relating to real property located on Daturn Street in Littleton, Colorado. The mortgage loan was apparently issued by Defendant J.P. Morgan Chase Bank ("Chase") in or about 2002, and Chase thereafter incorporated that note into a security identified

---

[1] The motion to proceed *in forma pauperis* is granted.

[2] Given his *pro se* status, the Court reads Mr. McDonald's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

as Defendant "Asset Backed Certificate 2002-4." Apparently, the Defendants contend that Chase thereafter sold that security – and thus, its interest in the note – to Defendant Citibank. The loan eventually became delinquent, and in or about July 2012, Citibank commenced a foreclosure proceeding against Mr. McDonald in the Colorado District Court for Arapahoe County. At some point in time, the Arapahoe County District Court conducted a C.R.C.P. 120 hearing, at which Mr. McDonald challenged Citibank's claim to ownership of the promissory note underlying the loan. Mr. McDonald believes that the security itself "does not exist" and that the actual holder of his promissory note is "unknown and unidentified." The argument was apparently unsuccessful, as Mr. McDonald indicates that the property was set for a foreclosure sale on October 17, 2012 at 10:00 a.m.

As best the Court can determine, Mr. McDonald asserts the following claims: (i) a claim that the Defendants "used their overriding position" to "play a game with the district court as well as the plaintiff as to where to find the note holder," depriving him of "due process for the United States and Colorado Constitutions" which "provide[ ] for the ability for an individual to defend itself by collecting information for a defense" (apparently in the Rule 120 proceeding); (ii) a claim for "securities fraud," under unspecified authority, in that based upon research by Mr. McDonald and others acting on his behalf, "no mortgage asset-backed securitized asset exists"; (iii) a violation by Chase of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, in that Chase "misled the plaintiff in the belief that Chase was the current note holder," when in fact Chase was acting as a "polling service provider," and that Chase "failed to provide any good faith estimate to the plaintiff . . . within three business days," apparently in violation of 12 U.S.C. § 2604(c); (iv) breach of the common-law duty of good faith and fair

dealing, in that Mr. McDonald "had a clear and present expectation that the Banks would disclose the nature of the loan holder and their contact information as well as their relationship within the transaction"; and (iv) a somewhat unclear contention that the Defendants "supplied negative reporting information" about Mr. McDonald to credit-reporting agencies, resulting in damage to Mr. McDonald's credit score and, in turn, diminished employment prospects for Mr. McDonald.  In his Prayer for Relief, Mr. McDonald requests, among other things, "immediate relief from foreclosure."

Simultaneously with his Complaint, Mr. McDonald filed the instant Emergency Motion for Temporary Restraining Order **(# 4)**.  That motion indicates that a foreclosure sale has been scheduled for October 17, 2012 at 10:00 a.m., and that Mr. McDonald seeks to preliminarily enjoin that sale.

Fed. R. Civ. P. 65(b) permits the Court to grant a Temporary Restraining Order, on an *ex parte* basis, upon the movant establishing two elements: (i) a showing, made in "an affidavit or a verified complaint," that "clearly show[s] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition"; and (ii) a written showing demonstrating "any efforts made to give notice" to the adverse party and "reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(A), (B).  Arguably, a movant seeking a Temporary Restraining Order must also make a showing sufficient to demonstrate his entitlement to a preliminary injunction.  *Goldenhersh v. Aurora Loan Services, LLC,* 2010 WL 3245166 (D.Colo. Aug. 16, 2010) (slip op.).

Mr. McDonald's motion satisfies neither element.  He has not given any indication of the attempts he has made to contact the Defendants about the filing of this matter, nor shown why he

should be relieved of the duty to make such contact, as required by Rule 65(b)(1)(B). He has not supplied an affidavit supporting his request for a Temporary Restraining Order, and his Complaint is not verified, as required by Rule 65(b)(1)(A). Even if the Court assumes that Mr. McDonald would verify the allegations in his Complaint if called upon to do so, and thus, the Court treated the Complaint as such, Mr. McDonald still fails to satisfy the substantive requirements of Rule 65(b)(1)(A) because he has not demonstrated an imminent irreparable harm because the foreclosure sale he seeks to avoid has already occurred. This matter was assigned to the undersigned at 1:23 p.m. on October 17, 2012, but as Mr. McDonald's motion makes clear, the foreclosure sale was scheduled to occur at 10:00 a.m. on that day. Thus, by all appearances, the foreclosure sale that Mr. McDonald seeks to enjoin has already occurred, rendering his request moot.[3]

Even if Mr. McDonald's request for a Temporary Restraining Order was procedurally sufficient, the Court would nevertheless be reluctant to grant the relief requested because Mr. McDonald's Complaint does not demonstrate that he is likely to succeed on any claim that would permit, as relief, the entry of a permanent injunction that would prevent the foreclosure. The Court has some doubt that any of the claims in his Complaint are sufficient to state a cognizable cause of action. Among other things, there is no apparent authority for a Due Process

---

[3]The Court notes that Mr. McDonald filed this action on October 16, 2012 (albeit at 2:02 p.m.). The delay occasioned by initial screening of *pro se* cases and the decision by the Senior Judge to whom the case was first assigned, to reject it, forcing a reassignment to the undersigned, arguably contributed to the request for emergency injunctive relief having become moot by the time the case reached the undersigned's chambers. That being said, the Court also notes that exhibits to the Complaint suggest that Mr. McDonald has been aware since June 20, 2012 that the foreclosure sale was scheduled for October 17, and thus, his failure to commence the case more promptly also contributed to the situation.

claim to be brought against private actors like the Defendants; the claim for "securities fraud" does not appear to be cognizable in the circumstances presented here, where Mr. McDonald is not an alleged purchaser of the allegedly fraudulent securities; and it is unlikely that the Court would exercise supplemental jurisdiction over his state-law claim for breach of the covenant of good faith and fair dealing in the absence of a viable federal claim, 28 U.S.C. § 1367(c)(3).  The contours of Mr. McDonald's RESPA claim (or claims) remains somewhat unclear, but the Court notes that even a successful claim under RESPA would only entitle Mr. McDonald to actual damages, plus non-economic damages of no more than $1,000, 12 U.S.C. § 2605(f).  Nothing in RESPA appears to permit recission of the underlying mortgage transaction, and thus, even success on Mr. McDonald's RESPA claim would not nullify the promissory note that gives rise the foreclosure proceeding and thus, would not relieve Mr. McDonald of the consequences of default on that note. *See Goldenhersh*, *supra.* at n. 2.

Accordingly, Mr. McDonald's motion for leave to proceed *in forma pauperis* **(# 3)** is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(d), the United States Marshal shall serve the Summons and Complaint in this action on the Defendants at addresses to be provided by Mr. McDonald.  Mr. McDonald's Motion for  Temporary Restraining Order **(# 4)** is **DENIED**.  Moreover, in light of the discussion above, the Court declines to treat the motion as one seeking

a preliminary injunction, as that request would be futile for the same reasons.  Should Mr. McDonald's Complaint survive dispositive motion practice, Mr. McDonald may then seek any provisional relief to which he may be entitled.

    Dated this 17th day of October, 2012

          **BY THE COURT:**

          */s/ Marcia S. Krieger*
          _____

          Marcia S. Krieger
          United States District Judge