IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN, and
ASET BACKED CERTIFICATES 2002-4,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff's Motion for Issuance and Service of Subpoenas In Forma Pauperis [filed April 26, 2013; docket #55] is **denied without prejudice** for the following reasons.

    First, Plaintiff has not complied with Fed. R. Civ. P. 5(a)(1)(D) and D.C. Colo. LCivR 5.1G. Rule 5(a)(1)(D) requires that a written motion filed with the Court must be served on every party. Local Rule 5.1G requires, in pertinent part, that "[e]ach paper, other than one filed ex parte, shall be accompanied by a certificate of service indicating the date it was served, the name and address of the person to whom it was sent, and the manner of service." Plaintiff's Motion contains no such certificate, nor any other indication of service on Defendants.

    Second, Plaintiff's Motion fails to explain why the documents he seeks to obtain through the attached subpoenas are relevant to the case at hand. Thus, the Court cannot determine whether service is warranted under Fed. R. Civ. P. 45(c).

    Finally, Plaintiff has not demonstrated an ability to pay for copies of documents he requests.

Though plaintiff is proceeding *in forma pauperis*, he has no right to obtain documents free of charge. *See Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997) ("Plaintiff is not entitled to a copy of any document without payment of an appropriate copy cost, if required."). Before directing the Clerk of the Court to issue a subpoena commanding the production of documents, courts in this district have required plaintiffs to "provide[] proof that [they] have made arrangements for the payment of costs associated with the preparation or copying of those documents, or obtained agreement of the third party to waive the payment of those costs." *Hawkinson v. Montoya*, 04-cv-01271-EWN-BNB, 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (citing *Windsor, supra*); *see also Milligan v. Reed*, 06-cv-00911-WYD-MJM, 2009 WL 1636957, at *1 (D. Colo. June 11, 2009). In light of the costs associated with directing the issuance and service of the six subpoenas attached to Plaintiff's Motion, the Court declines to enter any such order until Plaintiff demonstrates his ability to pay for the requested documents, or provides evidence that payment will not be necessary. *See id*.

Dated and entered at Denver, Colorado, this 7th day of May, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge