IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN, and
ASSET BACKED CERTIFICATES 2002-4,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 29, 2013.**

Plaintiff's Motion to Compel Pursuant to F.R.C.P. Rule 37 Motion for an order Compelling Oral Testimony [filed May 24,2013; docket #75] is **denied without prejudice** for failure to comply with Fed. R. Civ. P. 37(a)(1) and Fed. R. Civ. P. 45(a)(1)(A)(iii).[1]

At the outset, the Court notes that Fed. R. Civ. P 37(a)(1) governs a motion to compel deposition testimony pursuant to a third-party subpoena. *See First Nat'l Bank at Thermopolis v. W. Cas. & Sur. Co.*, 598 F.2d 1203, 1205 (10th Cir. 1979). Fed. R. Civ. P. 37(a)(1) requires a party seeking to compel discovery to provide "notice to other parties and all affected persons. . ." The Certificate of Service attached to the Motion reflects that Plaintiff gave notice to Defendants' counsel; however, the Motion contains no evidence that the entities served with the subpoenas received appropriate notice.

Second, the subpoenas at issue in the Motion are defective insofar as they do not conform to Fed. R. Civ. P. 45(a)(1)(A)(iii), which requires a subpoena to "command each person to whom it is directed to [attend and testify] at a specified time and place. . ." Rather than providing "a specified time," the subpoenas Plaintiff served provide a range of dates in a given week. This is not acceptable.

---

[1]The Court is also somewhat concerned with the propriety of service, as the name of the process server is not legible and appears to be Plaintiff's name. The Court reminds Plaintiff that he is not eligible to serve a subpoena pursuant to Fed. R. Civ. P. 45(b)(1).