IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN, and
ASSET BACKED CERTIFICATES 2002-4,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff, proceeding *pro se*, has filed an Ex Parte Motion & Request for Temporany [sic] Restraining Order Pursuant to United States District of Colorado Rule 65 [filed September 4, 2013; docket #111]. Upon review of the document, the Court finds that the Plaintiff has neglected to abide by Local Rule of the District of Colorado, D.C. Colo. LCivR 65.1.

    Local Rule 65.1(A) provides that a motion shall be accompanied by a certificate of counsel or a *pro se* party attesting that (1) actual notice of the time of filing the motion, and copies of all pleadings and papers filed in the action to date have been furnished to the adverse party, or (2) the moving party has made efforts to give such notice and furnish such copies. D.C. Colo. LCivR 65.1A ("Except in accordance with Fed. R. Civ. P. 65(b), the court will not consider an ex parte motion for temporary restraining order."). Here, the Plaintiff has failed to certify his attempts to furnish pleadings and/or confer with the Defendants. Further, the Plaintiff has failed to file a proposed order pursuant to Local Rule 65.1B and an information sheet pursuant to Local Rule

2

65.1C. Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Accordingly, Plaintiff's Ex Parte Motion & Request for Temporany [sic] Restraining Order Pursuant to United States District of Colorado Rule 65 [filed September 4, 2013; docket #111] is **denied without prejudice**.

DATED this 10th day of September, 2013, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge