IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK N.A.,
CITIBANK, N.A., and
CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATES 2002-4,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 11, 2014.**

Plaintiff's Motion for Certification of Court's Interlocutory [sic] Pursuant to Colorado Federal Rule of Civil Procedure Rule 54(b)[filed February 10, 2014; docket #124] is **denied without prejudice** for Plaintiff's failure to comply with D.C. Colo. LCivR 7.1(a), which states,

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

The Plaintiff asserts simply that he "attempted to confer with opposing counsel" but they did not respond and, thus, "plaintiff assumes defendants objects [sic] to this motion"; however, such assertion is insufficient to meet the Plaintiff's continuing obligation to comply fully with D.C. Colo. LCivR 7.1(a). *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (because Rule 7.1A requires meaningful negotiations by the parties, the rule is not satisfied by one party sending the other party a single email, letter or voicemail). Here, the Plaintiff fails to explain his efforts to confer; thus, the Court is without sufficient information to determine whether Plaintiff met his obligation. Further, the Court notes that Plaintiff's certificate of service reflects only that the motion was addressed to the law firm, but not to any particular attorney, including those who have appeared in this case.