IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

      Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATES 2002-4,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Motion for Leave to File [Second] Amended Complaint (<u>filed March 24, 2014; Doc. # 160</u>).  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.(c), this matter has been referred to this Court for recommendation.  (Doc. # 161.)  While Plaintiff's motion does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A) and (B). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect."  *First Union Mortgage Corp. v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000) (citing *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir. 1988)).  An order denying a motion to amend may be dispositive if the order effectively precludes the filing of a claim for damages.  *See Fuller v. Mickelson,* 2007 WL 3232595, at *2 (D. Colo. Oct. 31, 2007) (Daniel, J.) (citing *Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc.,* 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)).  For the reasons set forth below, the Court respectfully RECOMMENDS that

Plaintiff's motion be **denied**.[1]

## I.  BACKGROUND

In the early 2000s, Plaintiff took out a loan from Defendant J.P. Morgan Chase Bank ("Chase").  That loan was secured by a lien reflected in a Deed of Trust recorded against real property in Littleton, Colorado.  Subsequently, Chase purportedly assigned the note to Defendant Citibank ("Citibank"), or to Defendant Chase Funding Mortgage Loan Asset Backed Certificates 2002-4 ("Trust").  By September 2012, Plaintiff had defaulted on the loan, and Citibank initiated foreclosure proceedings.  Plaintiff apparently tried to refinance through governmental foreclosure relief services without success.  He also attempted to enjoin the foreclosure proceedings through the state and federal courts, but those requests were denied, and the property was sold at a public trustee foreclosure sale to Citibank.

Plaintiff filed the complaint initiating this action on October 16, 2012.  (Doc. # 1.)  Plaintiff subsequently filed his First Amended Complaint on February 13, 2013 (Doc. # 44), which Defendants moved to dismiss (Doc. # 53).  On January 30, 2014, Chief Judge Marcia Krieger ruled

---

[1]      Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

on Defendants' motion, granting it in part and denying it in part. (Doc. # 122.)  Specifically, Judge

Krieger determined that under the *Rooker-Feldman* doctrine, the court lacked subject matter

jurisdiction over Plaintiff's claims that sought to invalidate the state court foreclosure.  (*Id.* at 8.)

Judge Krieger explained: "Because relief on those claims would necessarily require this Court to

find that Citibank was not the holder of the note and a proper party to commence and pursue the

foreclosure proceeding, the claims are barred by *Rooker-Feldman*."  (*Id.* at 8-9.)  However, three

of Plaintiff's claims were allowed to proceed.   The surviving claims involved allegations that

Defendants failed to provide Plaintiff with information about his loan as required by Colo. Rev. Stat.

§ 38-40-103(2); Chase failed "to provide a good faith estimate" for a new loan as required by the

Real Estate Settlement Procedures Act ("RESPA"); and Defendants failed to provide certain

disclosures when Plaintiff's mortgage note was transferred from one servicer to another, also as

required by RESPA.  (*Id.* at 9-10.)  These claims survived because they did not attack the validity

of the foreclosure.  (*Id.*)

On February 25, 2014, Plaintiff filed a motion for leave to amend his complaint (Doc. # 143),

which this Court denied without prejudice for failure to comply with the Court's local rules (Doc.

# 150.)  Then, on March 24, 2014, Plaintiff filed the present Motion for Leave to File Amended

Complaint.  (Doc. # 160.)

## II.  DISCUSSION

Whether to grant or deny leave to amend is committed to the discretion of the district court.

*See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir.

2005).  Leave to amend is to be freely granted when "justice so requires," Fed. R. Civ. P. 15(a), and

should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad

faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315. In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

Here, Plaintiff's proposed Second Amended Complaint includes twenty-five claims for relief against Defendants Chase, Citibank, and the Trust, along with proposed new Defendants Ashley N. Ricketson and Neal J. Valorz. (Doc. # 160-1.) Three of these claims appear in the operative complaint and survived Defendants' motion to dismiss, so the Court need not address them here.[2] Ten appear in the operative complaint but were dismissed by Judge Krieger. (*See* Doc. # 122.) The Court will address those first. Next, the Court will address the twelve proposed claims that do not appear in the operative complaint.

## A.   PREVIOUSLY DISMISSED CLAIMS

In this case, Plaintiff's proposed Second Amended Complaint with Jury Demand lists the following claims that have already been dismissed: (1) Conversion (Claim 1); (2) Fraud upon the Court (Claim 2); (3) Conspiracy to Defraud (Claim 3); (4) Civil Conspiracy (Claim 4); (5) Attempting to Influence a Public Servant (Claim 5); (6) Willful and Wanton Negligence (Claim 6); (7) Unjust Enrichment (Claim 7); (8) Breach of Covenant of Good Faith and Fair Dealing, Breach of Contract (Claim 8); (9) Common Law Unconscionability (Claim 9); and (10) Breach of Colo.

---

[2]     The Court declines Defendants' invitation to dismiss, *sua sponte*, Plaintiff's three existing claims. (*See* Doc. # 190 at 16-22.) These claims are contained in the operative complaint. Thus, Defendants are urging the Court not merely to deny Plaintiff leave to amend, but to dismiss the operative complaint *sua sponte*. In its discretion, the Court declines to dismiss the operative complaint based on Rule 12(b)(6) arguments raised by Defendants in their response to the present motion. *See* D.C. Colo. LcivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.").

Rev. Stat. § 38-38-805 (Claim 12).

Plaintiff argues that he has discovered new evidence showing that his mortgage note was never properly assigned, endorsed, and securitized. Apparently, this would support his theory that the now-finalized foreclosure of the property was invalid. However, Judge Krieger did not dismiss these ten claims for lack of evidence but for lack of subject matter jurisdiction under *Rooker-Feldman*. (*See* Doc. # 122 at 11.) Therefore, in light of the "law of the case" doctrine, allowing Plaintiff to re-allege these ten claims would be futile. *See United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) ("Under the 'law of the case' doctrine, when a court rules on an issue, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))).

## B.    PROPOSED NEW CLAIMS

### 1.    Five Proposed New Claims Barred by *Rooker-Feldman*

In considering Plaintiff's twelve proposed new claims, the Court finds that five are within the scope of claims previously dismissed by Judge Krieger under *Rooker-Feldman*. Judge Krieger dismissed all claims based on the underlying assumption "that Citibank lacked the authority to commence and pursue the foreclosure." (Doc. # 122 at 8.) Those include, specifically, claims implying "that Citibank obtained the property unlawfully," suggesting "that Citibank misled the state court as to its standing to seek foreclosure," implying "that the parties breached the contract by not disclosing the true holder of the note, despite the foreclosure proceeding implicitly finding that Citibank was the holder," and implying that "the Public Trustee's sale was premature." (*Id.* at 8-9 & n.4.) At bottom, *Rooker-Feldman* was found to bar all claims that would "necessarily require the Court to find that Citibank was not the holder of the note and a proper party to commence and

pursue the foreclosure proceeding." (*Id.* at 8-9.)

The following five claims fall within this scope. First, Claim 18 asserts that certain Defendants engaged in "deceit based upon fraud" by falsely representing their ownership of the mortgage note in the foreclosure proceedings, causing Plaintiff to lose the property. (Doc. # 160-1 at 31-32, ¶¶ 167-75.)  Second, Claim 20 asserts that certain Defendants engaged in malicious prosecution by pursuing the foreclosure sale based on false claims to ownership of the mortgage note. (Doc. # 160-1 at 33-35, ¶¶ 184-93.)  Third, Claim 21 asserts that certain Defendants engaged in abuse of process for pursuing the foreclosure sale based on false claims to ownership of the mortgage. (Doc. # 160-1 at 35-36, ¶¶ 194-204.)  Fourth, Claim 23 asserts that certain Defendants engaged in fraud by asserting authority to have Plaintiff ejected from the property, based on false representations that they owned the note and now own the property. (Doc. # 160-1 at 38-39, ¶¶ 213-22.)  Fifth, Claim 25 asserts that certain Defendants engaged in common law theft by submitting false documents and statements in state and federal courts in order to steal the property. (Doc. # 160-1 at 40-41, ¶¶ 233-42.)

Every one of these claims is based on the premise that Defendants obtained the property by falsely asserting ownership of the note during the foreclosure proceedings.  These are precisely the sort of claims that Judge Krieger determined are barred by *Rooker-Feldman*.  Therefore, like the ten previously dismissed claims addressed above, these would be subject to dismissal for lack of subject matter jurisdiction, a conclusion new factual discoveries cannot change.  Allowing Plaintiff to add them to the complaint would be futile.

2.      <u>Seven Proposed New Claims Barred For Undue Delay</u>

The Court finds that Plaintiff has unduly delayed bringing his seven additional proposed

claims.  The Court notes that Plaintiff initiated this action on October 16, 2012 (Doc. # 1), and, with Defendants' consent, he filed the operative First Amended Complaint on February 13, 2013 (Doc. # 44).  On February 18, 2013, the Court entered the operative scheduling order, establishing April 15, 2013 as the deadline for amending pleadings; August 7, 2013, as the discovery cut-off; and September 9, 2013, as the dispositive motion deadline.  Plaintiff filed the present motion for leave to amend on March 13, 2014.  (Doc. # 153.)  That was thirteen months after the operative complaint was filed and eleven months after the deadline for amending pleadings.[3]  Therefore, Plaintiff's proposed amendment is delayed, and so the next question is whether that delay was undue.  *See Minter*, 451 F.3d at 1206.

The Court finds that Plaintiff has not provided an adequate explanation for delaying with respect to five proposed new claims.  These five claims are based on the central contention that Defendants did not have the right to foreclose on the property because they did not own the note: (1) Claim 16 alleges that Defendants breached the Fair Debt Collection Practices Act by collecting past mortgage payments and pursuing the foreclosure despite not owning the note (Doc. # 160-1 at 29-30, ¶¶ 149-57); (2) Claim 17 alleges that the same facts constitute a violation of Colorado's state law analogue to the FDCPA (*Id.* at 30-31, ¶¶ 158-66); (3) Claim 19 alleges that Defendants engage in unfair and deceptive trade practices by pursuing foreclosure despite not owning the note (*Id.* at 32-33, ¶¶ 176-83); (4) Claim 22 alleges Defendants harmed his credit rating by reporting the

---

[3]    The Court notes that on four previous occasions it has denied, without prejudice, Plaintiff's motions for leave to amend for failure to comply with applicable procedural rules. (*See* Doc. ## 95, 108, 150, 157.)  The first time that Plaintiff attempted to add any of the claims at issue here was on February 26, 2014 (Doc. # 143), approximately twelve months after the operative complaint was filed and ten months after the amendment deadline.  Thus, even if the Court deemed the present motion to have been filed on that date, it would be untimely.

foreclosure they pursued despite not owning the note (*Id.* at 37-38, ¶¶ 205-12); and (5) Claim 24 alleges that Defendants submitted false statements and documents asserting ownership of the note in state and federal courts (*Id.* at 39-40, ¶¶ 223-32).  Plaintiff's sole justification for requesting leave to add these claims is that "new information has come to light regarding the illicit activities of the defendants regarding their lack of adherence to the Pool Servicing Agreement."  (Doc. # 160 at 2.)  However, this "new information" only "confirm[s]" the allegations Plaintiff has asserted since initiating this case: that Defendants never owned his mortgage note because the note was never assigned or endorsed to them.  (*Id.*)  Plaintiff's central claim since at least February 13, 2013, has been that Defendants did not own the note and, thus, lacked authority to foreclose.  (*See* Doc. # 44 at 18 ("The controversy in this action centers on standing of the securitized asset and whether during mortgage acceleration the securitized asset had standing to foreclose . . . .").)  Indeed, Judge Krieger concluded that the "primary contention" in the February 13, 2013 operative complaint was that "Citibank lacked standing to commence the foreclosure proceeding and that the Defendants purposefully concealed the identity of the holder of his note in order to facilitate the foreclosure and to prevent him from obtaining foreclosure relief."  (Doc. # 30 at 2.)  Consequently, the purported discovery of additional information supporting Plaintiff's already-existing theory does not warrant granting leave to amend.  *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (delay is undue when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint" (citation omitted)).

With respect to the two remaining proposed new claims, Plaintiff has offered no explanation for the delay in adding them.  Plaintiff proposes adding two new RESPA claims—Claims 14 and

15—but he does not mention them or their factual bases in the present motion.  Nor does he offer any explanation for waiting until March 24, 2014, to add them.  If Chase failed to respond appropriately to Plaintiff's June 9, 2012 loan application, Plaintiff would have known within three business days.  Likewise, if there was in fact a relationship between Chase and the Trust that Chase unlawfully failed to disclose, Plaintiff has not explained why it took him thirteen months to discover the relationship or the failure to disclose it.  These failures to explain justify denying leave to amend. *See Minter*, 451 F.3d at 1206 (explaining that denial is appropriate when no adequate explanation for delay is provided (citation omitted)).  Moreover, given Plaintiff's allegation that the alleged RESPA violations caused him to lose the property, it appears that Plaintiff is merely seeking new avenues to attack the result of the now-final foreclosure proceeding.  But Rule 15 may not be used to "make the complaint 'a moving target," [or] to 'salvage a lost case by untimely suggestion of new theories of recovery.'" *Id.* (citations omitted).

In sum, the Court finds that all of Plaintiff's proposed new claims would be subject to dismissal or are unduly delayed.

### III.  CONCLUSION

Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Leave to File [Second] Amended Complaint (filed March 24, 2014; Doc. # 160) be **denied**.

Respectfully submitted this 21th day of May, 2014, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge