IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATES 2002-4,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Bank Defendants' Motion to Strike Plaintiff's Notice of Related Case Dated November 22, 2014 [filed December 5, 2014; docket #217] filed by JPMorgan Chase Bank, N.A., ("Chase") and Citibank, N.A. (collectively, "the Bank Defendants"). The motion is referred to this Court for disposition. (Docket #218.) Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Strike.

    On November 24, 2014, Plaintiff filed a "Notice of Related Case Dated November 22, 2014." (Docket #216.) The Notice informed the Court that the Arapahoe County District Court entered judgment in favor of Plaintiff and against JPMorgan Chase Bank (and two non-parties to this action) on November 19, 2014. Specifically, Plaintiff notified this Court that the Arapahoe County District Court found that Chase forged documents, engaged in mail and wire fraud, and filed a vexatious and malicious action against Plaintiff. The Order, which is attached to Plaintiff's Notice, states as follows:

> On July 22, 2014 this Court issued a stay in this matter arising from the pending appeal(s). There appears to be some confusion as to the status of that stay, perhaps in part as a result of a delay reduction order issued by this Court on October 7, 2014. The case remains stayed as it is the Court's understanding that the appeal remains on going [sic] with either the Colorado Court of Appeals or the Colorado Supreme Court. Should any party contend that this Court has jurisdiction to proceed with any issue(s) now pending, a short succinct Status Report may be filed explaining what the issues are, and the basis of the Court's jurisdiction in light of the appeal. If the parties agree that the matter is stayed and that there are no issues before the Court for resolution at this time, no additional filings are necessary. When that changes a notice shall be filed.

(Docket #216, p. 4.). It appears the November 19, 2014 order was issued in response to Plaintiff's filing a proposed order for default judgment, as the Arapahoe County District Judge titled the ruling, "Order: Third Party Plaintiff's Order for Default Judgment." However, nothing in the text of the order indicates that Plaintiff's motion was granted or judgment was entered in Plaintiff's favor. Plaintiff also attached to the Notice his proposed order for default judgment in the Arapahoe County District Court case. (*Id*. at pp. 5-6.) The proposed order was not signed. The Court finds no support for Plaintiff's representation to the Court that judgment was entered in his favor in the Arapahoe County District Court case and, therefore, concludes that Plaintiff's Notice was a false representation and must be stricken from the record.

Pro se litigants must "comply with the fundamental requirements of the Federal Rules of Civil ... Procedure." *Odgen v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (*pro se* plaintiffs are held to the same rules of procedure which apply to other litigants). Fed. R. Civ. P. 11(b) requires all representations to the Court, including those made by an unrepresented party, be

made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[.]"  Plaintiff has been litigating the present action in federal court for more than two years, and has filed a number of other lawsuits in this District; thus, a lack of understanding of legal proceedings is not a valid basis for the false representation.  Indeed, Plaintiff filed a Motion for Default Judgment in the present federal action, indicating that he has some understanding of the nature of default judgments.  (*See* docket #23.)  In any event, a reasonable inquiry, as required by Rule 11(b), would have clarified any confusion or misunderstanding Plaintiff had about the November 19, 2014 Order.  Accordingly, the Court concludes that Plaintiff's Notice was filed in violation of Rule 11(b).

The Bank Defendants' reply brief also seeks to strike Plaintiff's 67-page response to the Motion to Strike.  Pursuant to D. Colo. LCivR. 7.1(d), any request for relief must be made in a separate document.  However, the Court finds it is in the interest of judicial efficiency to grant the Bank Defendants' request, as it is able to make a determination on the issue without the benefit of a formal motion.  The Bank Defendants contend that the lengthy response brief was "presumably filed to impact the pending Motion for Summary judgment."  (Docket #220, ¶5.)  Having reviewed the response, the Court finds it has little, if any, bearing on the issue of whether default judgment was entered in the Arapahoe County District Court Case.  Rather, the response brief appears to be a reiteration of Plaintiff's arguments on the merits of the case and accusations that Defendants, by filing the Motion to Strike, made false representations to the Court.  Thus, the Court concludes that Plaintiff's response brief was also filed in violation of Rule 11(b) and must be stricken from the record.

While a Court may impose sanctions on a party for violating Rule 11(b), the Court finds that

monetary sanctions are meaningless here, in light of Plaintiff's *in forma pauperis* status. (*See* docket #9.)  However, the Court warns Plaintiff that it may revoke Plaintiff's *in forma pauperis* status for future Rule 11 violations, as the Court may impose sanctions "to deter repetition of the conduct[.]" *See* Fed. R. Civ. P. 11(c)(4).

In sum, the Bank Defendants' Motion to Strike Plaintiff's Notice of Related Case Dated November 22, 2014 [filed December 5, 2014; docket #217] is **granted**; Plaintiff's Notice [docket # 216] and Plaintiff's Response [docket #219] are hereby **stricken** from the record.

Dated and entered at Denver, Colorado, this 14th day of January, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge