IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02749-MSK-MEH

R. KIRK MCDONALD,

    Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A.,
CITIBANK, N.A.,
CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATES 2002-4,

    Defendants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Limited Reopening of Discovery [filed February 6, 2015; docket #223]. The motion is referred to this Court for disposition. (Docket #224.) Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion.

On March 17, 2014, the Court ordered Defendants to produce certain documents to Plaintiff but otherwise closed discovery. (Docket #157.) Plaintiff's Motion seeks to reopen discovery in order to depose Nationwide Title Clearing, Inc., Erika Lance, and "any other party to the creation and recordation [sic] of the forged assignment of the subject property[.]" (Docket #223, p.5.)

The Court may modify scheduling orders upon a showing of good cause. Fed R. Civ. P. 16(b)(4); D.C.Colo.LCivR 16.1. "Whether to extend or reopen discovery is committed to the sound discretion of the trial court ...." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). In *Smith*, the Tenth Circuit

> identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

834 F.2d at 169 (citation omitted).

First, while a trial date has not been scheduled, this case has been pending for over two years, and cross motions for summary judgment have been fully briefed for approximately six months. Second, Plaintiff states that Defendants oppose the motion (however, the Court is able to resolve the matter without awaiting Defendants' response). Third, there is little doubt that discovery at this late stage would prejudice Defendants, who reasonably expected their discovery obligations had long since been fulfilled in this case. With regard to the fourth and fifth *Smith* factors, Plaintiff offers no explanation for his nearly eleven-month delay in seeking this discovery. He makes no allegations that recent events gave rise to a new and unforeseeable need to depose certain individuals; indeed, his theory of the case remains the same. Finally, Plaintiff has not established that the proposed discovery is likely to produce any new evidence, and, in any event, the District Court would be unlikely to consider new evidence in resolving the cross motions for summary judgment, which were filed more than seven months ago.

Thus, the Court does not find good cause for reopening discovery, and **denies** Plaintiff's Motion for Limited Reopening of Discovery [filed February 6, 2015; docket #223].

Dated and entered at Denver, Colorado, this 10th day of February, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge