### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

**Civil Action No. 12-cv-02749-MSK**

**R. KIRK MCDONALD,**

    **Plaintiff,**

v.

**J.P. MORGAN CHASE BANK, N.A.,**
**CITIBANK, N.A., and**
**CHASE FUNDING MORTGAGE LOAN ASSET BACKED CERTIFICATE 2002-4,**

    **Defendants.**

---

### OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT
---

**THIS MATTER** comes before the Court on cross motions for summary judgment. The Defendants filed a Motion for Summary Judgment (**#199**), the Plaintiff, Kirk McDonald, responded (**#204**), and the Defendants replied (**#211**). Mr. McDonald also filed a Motion for Summary Judgment (**#202**), the Defendants responded (**#210**), and Mr. McDonald replied (**#214**).

### ISSUES PRESENTED

Mr. McDonald appears *pro se*[1]. His Amended Complaint (**#44**) asserted several claims against the Defendants, however, the Court dismissed all but three claims in its January 30, 2014 order. Three remaining claims are: (1) failure to provide a good faith estimate when Mr. McDonald submitted a loan application in violation of the Real Estate Settlement Procedures Act

---

[1] The Court is mindful of Mr. McDonald's *pro se* status, and accordingly, reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

1

("RESPA"), 12 U.S.C. § 2601 *et seq.*; (2) failure to provide notice of change in loan servicers as required by RESPA provisions; and (3) failure to respond to Mr. McDonald's written requests for information in violation of C.R.S. § 38-40-103.

The Defendants move for summary judgment on each of Mr. McDonald's remaining claims. Mr. McDonald's motion does not address these claims, but instead focuses on claims that have been previously dismissed, notably his contention that his note and deed of trust were fraudulently assigned.

## MATERIAL FACTS

For purposes of summary judgment, the Court views the submissions in the light most favorable to the non-moving party. This means that for the Defendant's motion, the Court generally construes the facts in the light most favorable to Mr. McDonald. However, consistent with the Court's Order (**#208**) dated July 17, 2014, the Court has disregarded the arguments and evidence in Mr. McDonald's filings that pertain to claims that have been dismissed.

On September 12, 2002, Mr. McDonald borrowed the principal sum of $348,000 from Chase Manhattan Mortgage Corporation ("CMMC") and secured repayment of such funds with a lien against his home. Mr. McDonald executed a promissory note and a deed of trust. The note provided "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The Deed of Trust provided that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower."

CMMC transferred the note and deed of trust to Citibank, N.A, as Trustee for Chase Funding Mortgage Loan Asset-Backed Certificates, Series 2002-4 (Citibank), which is the

current owner of the note and deed of trust. CMMC continued to service the loan. CMMC merged into Chase Home Finance LLC, which in turn merged into J.P. Morgan Chase Bank, National Association in May 2011. CMMC and its successors have continued to service the loan, and consequently none of these entities has served Mr. McDonald with a notice of service transfer under RESPA.

In 2009, Mr. McDonald submitted a new loan application and a loan modification application to J.P. Morgan Chase. His existing loan was not modified and no refinancing was approved. Mr. McDonald then defaulted on his loan. Citibank commenced foreclosure proceedings. Although Mr. McDonald sought to delay the foreclosure proceedings, his requests were denied, and the property was sold at a public trustee foreclosure sale in 2012.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring

the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

This case involves cross-motions for summary judgment. "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact, cross motions must be evaluated independently." *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.,* 209 F.Supp.2d 1106, 1112 (D.Colo.2002); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir.2000).

## ANALYSIS

The Court turns first to the Defendants' Motion. The Defendants argue that they are entitled to summary judgment on each of Mr. McDonald's three remaining claims.

### a. Failure to Provide a Good Faith Estimate

Mr. McDonald asserts that J.P. Morgan Chase breached its obligation under RESPA by "failing to provide a good faith estimate." Although the Amended Complaint specifically asserts that the J.P. Morgan Chased violated 24 C.F.R. § 3500.6, his filings also refer to 24 C.F.R. §3500.7 and 12 U.S.C. § 2604. The regulatory provisions, 24 C.F.R. §§ 3500.6 and 3500.7, were part of "Regulation X," the implementing regulation for RESPA prior to the passage of the Dodd-Frank Act. Effective July, 2014, these regulations were removed and replaced with others enforced by the Consumer Financial Protection Bureau. 79 FR 34224-01.[2] *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1145 n.3 (10th Cir. 2013). However, in 2009 at the time of the events giving rise to this lawsuit, the original regulations were in effect.

Regulations 3500.6 and 3500.7 implement 12 U.S.C. § 2604. In 2009, section 2604(a) required the Secretary of Housing and Urban Development to "prepare and distribute booklets to help persons borrowing money to finance the purchase of residential real estate better to understand the nature and costs of real estate settlement services." Regulation 3500.6 prescribed more detailed requirements regarding the information booklet. Thus, that provision is not relevant to the claim asserted by Mr. McDonald.

Section 2604(c) required that "[e]ach lender shall include with the booklet a good faith estimate of the amount or range of charges for specific settlement services the borrower is likely

---

[2] Effective July 2014, 24 C.F.R. § 3500.6 and 24 C.F.R. §3500.7 were removed. However, Mr. McDonald's claim is premised on a loan application filed in 2009, when 24 C.F.R. §§ 3500.6 and 3500.7 were still in effect.

to incur in connection with the settlement as prescribed by the Secretary." Regulation 3500.7 set out detailed requirements for the good faith estimate.

Neither party distinguishes whether Mr. McDonald's claim is predicated on the provisions of the statute or Regulation 3500.7. The Defendants argue that Mr. McDonald's claim fails as a matter of law because Mr. Mc Donald has can bring no enforcement action for violation of the statute or Regulation. Mr. McDonald does not directly address the argument.

The Court begins with an observation that only a statute can create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). This means that Regulation 3500.7 gives Mr. McDonald no right of action.

Whether 12 U.S.C. § 2604 creates a private right of action requires careful attention to Congress' intent either as it is expressed or implied in the language of the statute. *See Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1267 (10th Cir. 2004) (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975)). Thus, whether Mr. McDonald has a private action to enforce RESPA's disclosure requirements depends upon the language of 12 U.S.C. § 2604.

The Court notes that nothing in § 2604 expressly creates a private enforcement right for those who benefit from its provisions. Furthermore, no private enforcement rights are implied in the language § 2604. Instead, its language focuses on the persons regulated, rather than the individuals protected. For example, § 2604(c) requires that "[e]ach lender shall include with the booklet a good faith estimate." *See also* 12 U.S.C. §§ 2607(d), 2608(b). In addition, the requirement for a good faith estimate found in 12 U.S.C. § 2604(c) replaced a similar provision previously found in § 2605 that had explicitly provided for a private cause of action for its

6

violation. *See* Pub.L. No. 93–533 § 6, 88 Stat. 1726 (1974), repealed by Pub.L. No. 94–205 § 5, 89 Stat. 1158 (1976). Congress omitted any provision for a private right of action when it amended the statute, suggesting purposeful intent to eliminate any private right of action. Thus the Court finds nothing in § 2604 that expressly or impliedly creates a private enforcement right and concludes Mr. McDonald's allegations that J.P. Morgan Chase violated § 2604(c) do not give rise to any actionable claim.[3] Therefore, the Defendants are entitled to judgment on this claim.

### b. Failure to Supply Required Notices

Mr. McDonald also asserts that the Defendants violated 24 C.F.R. § 3500.21, (another provision of Regulation X) by failing to provide him with notice as to "who was the lender and holder of the note", and that when "defendant Banks securitized the plaintiff [sic] note into a pooled trust REMIC the loan was sold . . . notice was to be provided to plaintiff."[4] The Defendants argue that 24 C.F.R. § 3500.21(d)(1)(i)(B) did not require such notices. Again, Mr. McDonald does not directly address the issue.

The Court assumes, without determining, that the Defendants did not provide Mr. McDonald with the notices that he describes. The question becomes whether 24 C.F.R. § 3500.21(d)(1)(i)(B) required that such notices to be given. If not, Mr. McDonald has no right that has been violated.

---

[3] This conclusion is consonant with the reasoning of other district courts in the 10th Circuit, and other courts that have considered the issue. *See, e.g.*, *Dalton v. Countrywide Home Loans, Inc.*, 828 F.Supp.2d 1242, 1249-1250 (D. Colo. 2011); *Reese v. 1st Metro. Mortgage Co.*, No. CIV.A. 03-2185-KHV, 2003 WL 22454658, at *4 (D. Kan. Oct. 28, 2003) (unpublished); *Dillard v. Bank of New York*, No. 09-CV-03008-WYD-BNB, 2011 WL 2714118, at *5 (D. Colo. July 13, 2011); *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1232-33 (S.D. Cal. 2009); *Nelson v. JPMorgan Chase Bank, N.A.*, 707 F. Supp. 2d 309, 317 (E.D.N.Y. 2009); *Brophy v. Chase Manhattan Mortgage Co.*, 947 F. Supp. 879, 883 (E.D. Pa. 1996). .

[4] Amended complaint ¶¶ 123-125.

Regulation 24 C.F.R. § 3500.21(d)(1)(i)(B) [5] generally required that when the entity servicing a loan changed, both the old and new servicer would give written notice of the transfer to the borrower. The regulation contained an exception to the notice requirement. If the transfer resulted from a merger or acquisition of servicers, no notice was required. 24 C.F.R. § 3500.21(d)(1)(i)(B).

It is undisputed that the change in loan servicers of Mr. McDonald's loan was due to mergers—CMMC with Chase Home Financing and then Chase Home Financing with J.P. Morgan Chase. Therefore the Defendants were excepted from the notice requirements under 24 C.F.R. § 3500.21(d)(1)(i), and are entitled to judgment on this claim.

### c.  Failure to Respond to Written Requests

Finally, Mr. McDonald asserts that the Defendants violated C.R.S. § 38-40-103 by refusing to respond to his many written requests for information. Mr. McDonald states that he wrote J.P. Morgan Chase and Citibank numerous times between 2010 and 2012 requesting that they provide contact information for the loan holder and servicer.

Under C.R.S. § 38-40-103(2), a servicer of a loan is required to "respond in writing within twenty days from the receipt of a written request from the debtor" and to supply "information concerning the debtor's loan, which is readily available to the servicer from its books and records." C.R.S. § 38-40-103(2). A debtor who is aggrieved by a violation of § 38–40–103 may bring an action for actual damages and statutory damages of $1,000, plus reasonable attorney fees and costs, if the "violation is not remedied in a reasonable, timely and good faith manner by the party obligated to do so, and after a good faith effort to resolve the dispute is

---

[5] Those regulations were later codified at 12 C.F.R. § 1024.2. It appears from the record that JPMorgan Chase assumed responsibility for servicing Mr. McDonald's loan after its merger with Chase Home Finance in May 2011, while 24 C.F.R. § 3500.21 was still in effect. However, the operative portions relative to Mr. McDonald's claim are identical in each regulation.

made by the debtor." C.R.S. § 38–40–104.

The Defendants argue that Mr. McDonald has failed to present evidence sufficient to establish a violation of C.R.S. § 38-40-103. Specifically, they argue that Mr. McDonald has failed to identify any written request that could have been answered with information readily available to the servicer from its books and records.[6]

Mr. McDonald does not identify specifically which written request he believes the Defendants should have but did not respond to.  Thus, in deference to Mr. McDonald's *pro se* status, the Court has examined all of the evidence provided by the parties. The record includes twelve letters sent by Mr. McDonald. These include: several letters addressed to Zach Smith, a Homeownership Advisor in Westminster, Colorado; two letters addressed to Annette Rzany with the Chase Home Mortgage Modification Center; and letters addressed generally to the Chase Loan Modification Center and Chase Underwriting. All of the correspondence relates to Mr. McDonald's efforts to obtain a modification of his mortgage. In most of this correspondence, Mr. McDonald provides information and asks only to be advised if more information is necessary. However, there are a few letters in which Mr. McDonald seeks information.  In these, the information sought pertains to loan modification rather than loan servicing.  Mr. McDonald asks about the status of his various loan modification applications and why his applications have not been approved. Several letters refer to decisions made by "Chase Home Mortgage Modification Center" rather than by the loan servicer to whom the letter is addressed.

From a facial perspective, it is hard to see how these letters fall within C.R.S. § 38-40-103. Another court has held that any question about loan modification falls outside of the provisions of C.R.S. § 38-40-103.  *See Christenson v CitiMortgage, Inc*. Case No. 12–cv–

---

[6] In addition, Citibank notes that it was not the loan servicer and therefore had no obligation under C.R.S. § 38-40-103.

02600–CMA–KLM, 2013 WL 5291947 (D. Colo. Sept. 18, 2013). But the Court need not reach such a categorical determination here. It is sufficient to observe that there is no evidence of record that suggests that the information Mr. McDonald sought with regard to loan modification applications was readily available to the loan servicer to whom he wrote.

Although the corporate structural complexities may have made it hard for Mr. McDonald to determine the correct entity to communicate with about loan modification issues, C.R.S. § 38–40–104 has limited reach. It applies only to loan servicers and only to information that is readily found in the loan servicer's files. Absent a showing that the loan servicer had the information that Mr. McDonald requested, Mr. McDonald has no right or remedy under C.R.S. § 38–40–104.

Because Mr. McDonald has not established a prima facie claim on any theory, there is no need to separately address his Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, the Defendants Motion for Partial Summary Judgment (**#199**) is **GRANTED**. Mr. McDonald's Motion (**#202**) is **DENIED**. All of Plaintiff's claims having been adjudicated; the Clerk shall enter Judgment in favor of the Defendants and against the Plaintiff, and then close this case.

Dated this 23rd day of March, 2015.

BY THE COURT:

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge